ROBERT L. BLAND, Judge,
dissenting.
*136 The facts which constitute the basis of this claim are set forth by the state road commissioner, the head of the agency involved, as follows:
“A privately-owned 1% ton truck (Chevrolet) of John Breedlove, Taylor County, hauling a load of coal on Secondary Road No. 50/9 and crossing wooden bridge (culvert type) when rear wheels crashed through bridge. SRC did not have bridge posted for any gross load limit and truck was issued overload license of 6 tons. The load traveling over the bridge at the time of the accident was less than what trucker was permitted to haul by law.”
By reason of the accident claimant’s truck was damaged, as he maintains, to the extent of $210.73, and the road commissioner concurs in the claim for that amount, and it is approved by the attorney general’s office “as one that, in view of the purposes of the Court of Claims Statute, should be paid.”
I do not think the facts relied upon for an award in this case warrant or justify the making of such an award. Certainly it cannot be seriously maintained upon the meagre showing made by the record that if the state were suable there could be recovery in a court of law. How heavy was the load of coal that was being transported over the bridge? To what extent was claimant acquainted with the bridge? How frequently did he cross over the bridge in the hauling of coal? These and other pertinent questions could have been propounded if the case had been heard under the regular procedure and not under the shortened procedure. Was the claimant in any way guilty of contributory negligence? In the recent case of Jacob F. Bennett v. State Road Commission, not yet reported, the Supreme Court of Appeals of West Virginia held that an award made by this court was based upon manifestly insufficient facts. The record in the instant case certainly falls far short of the facts set forth in the Bennett record.
I respectfully dissent from the award made by majority members of the court.